## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILADELPHIA WORKFORCE DEVELOPMENT CORPORATION,** Plaintiff, | **CIVIL ACTION** |
| **v.** | |
| **KRA CORPORATION,** Defendant. | **NO.  09-5261** |

### MEMORANDUM OPINION

Defendant KRA Corporation ("KRA") has filed a Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7.1(g) seeking to amend the Court's April 2, 2015 pretrial Order to include deadlines for expert discovery.  The Order, which sets a trial date as well as a schedule for pretrial submissions, does not include any such deadlines.  KRA theorizes that this Court, in setting a trial date and deadlines for pretrial submissions, did not include a schedule for expert discovery because it mistakenly believed that an established deadline for the completion of expert discovery had elapsed.  KRA Mot. at 4.  Plaintiff Philadelphia Workforce Development Corporation ("PWDC") opposes the motion.

Some background is required to put KRA's reconsideration motion in context.  This matter has taken its time in working its way through the court system.  It was filed in 2009 and, through a series of ups and downs, was presided over by Judge Berle Schiller.  The case finally reached the point where Judge Schiller was able to set a firm trial date of February 9th, 2015. That date was vacated according to KRA, among other things, to accommodate the conflicting trial schedule of KRA's counsel.  Shortly thereafter, Judge Schiller transferred the matter to this Court's docket.

This Court held a status conference on April 2, 2015.  At that conference, KRA's counsel requested, some two months after the case originally had been scheduled to go to trial, that the Court reopen discovery to set a schedule for expert discovery.  The Court declined that request. It also issued an order setting a date certain of September 29, 2015 for trial and establishing deadlines for pretrial submissions.  ECF No. 92.  KRA does not challenge the trial date or the dates on which pretrial submissions must be filed.  It seeks only to add into the order a timetable for expert discovery or a clarification as to whether the order allows the parties to go ahead with expert discovery between now and the start of trial.  For the reasons discussed below, KRA's motion will be denied.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  KRA contends that: (1) the Court made a manifest error of fact in that it "overlooked" that an order issued by Judge Schiller dated June 17, 2010, ECF No. 33, which included deadlines for expert discovery had been vacated and that no further deadline for expert discovery had been imposed; and, (2) KRA is entitled to expert discovery at this juncture and to preclude it from such discovery would be a manifest error of law.

PWDC filed this case on October 27, 2009—five and a half years ago—in the Philadelphia County Court of Common Pleas.  On November 10, 2009, KRA removed the case to the Eastern District of Pennsylvania.  ECF No. 1.  The matter was assigned to Judge Schiller who issued a Rule 16 scheduling order on December 23, 2009 directing the parties that they "shall have conducted substantial discovery by the time of the Rule 16 conference."  ECF No. 20.  By order of February 12, 2010, the Court postponed the Rule 16 conference to allow time for settlement discussions.  ECF No. 28.  In delaying the conference, the Court did not alter its prior order that

substantial discovery should go forward.  By order of April 27, 2010, the Court rescheduled the Rule 16 conference for June 17, 2010.  ECF No. 31.  The Court repeated in that order its admonition that "the parties shall have conducted substantial discovery by the time of the Rule 16 conference." *Id*.  The Rule 16 conference was held on June 17.  ECF No. 33.  And, on June 18, 2010, Judge Schiller issued a scheduling order.  *Id*.

The June 18, 2010 Scheduling Order provided that plaintiff's expert identities and reports be disclosed in the month following the close of discovery.  *Id*.  On October 14, 2010, one month before the scheduled close of fact discovery, the United States Attorney filed a Motion to Intervene and sought a stay of discovery other than the production of documents.  ECF No. 49.  The Court granted the motion and vacated the existing discovery schedule.  ECF No. 48.  Discovery other than document production was stayed for one and a half years until April 3, 2012, when the stay was lifted.  ECF No. 54.  Thus, as of April 3, 2012, the parties were free to conclude any remaining fact discovery and to move ahead with expert discovery if they so wished.

In November 2013, the parties submitted status reports to the Court, regarding the remaining pretrial schedule and discussing the additional time they believed they needed for discovery (90 days for PWDC and 30 days for KRA).  ECF Nos. 67-68.  Both reports indicated a desire that deadlines be set for expert reports and discovery.  The Court held a scheduling conference on December 16, 2013.  After the conference, the Court entered an order setting a briefing schedule for summary judgment motions, which did not include any timetable for expert discovery but did state that the Court would "set any additional dates, including a trial date, if necessary, at a later time."  ECF No. 71.  The order did not include deadlines for expert discovery, but neither did it preclude the parties from going ahead with such discovery.  Neither

ECF nor chamber's file includes any protest from either party that the order did not include a schedule for expert discovery.  The timetable for the submission of summary judgment motions was extended by order dated February 10, 2014.  ECF No. 72.  That order also included a statement that the Court would set "set any additional dates, including a trial date, if necessary, at a later time."  *Id.*

KRA's brief focuses on the fact that although, in advance of the December 16, 2013 scheduling conference, both parties submitted reports to the Court requesting deadlines for expert reports and discovery, the Court did not set any such deadlines in the Scheduling Order it entered immediately following the conference.  KRA Mot. at 8.  KRA contends that this was because a "consensus was reached" at the conference whereby the parties would file cross motions for summary judgment before conducting any expert discovery.  *Id*.  The fact that both parties had requested expert discovery in their pre-conference submissions evidences, in KRA's view, that "no controlling deadline had been imposed" and that both parties had the "intention to conduct expert discovery."  *Id.* at 11.  It concludes from that "[t]he only reasonable explanation for the failure to include an expert discovery deadline in the December 16, 2013 Scheduling Order is . . . that expert discovery was postponed until after the summary judgment motions were resolved."  *Id.*

After briefing on summary judgment motions, the Court, on October 6, 2014, denied the motions.  ECF No. 85.  In that same order, the Court set out the full schedule for the case through to trial, including deadlines for pretrial motions, pretrial memoranda, stipulations, points for charging the jury, witness and exhibit lists, proposed voir dire questions and a date for a final pretrial conference.  It also set a trial date: February 9, 2015.  That detailed pretrial schedule made no provision for expert discovery.  Nevertheless, neither party objected on the record to the

pretrial schedule or raised the issue of expert discovery.  Indeed KRA's counsels' only response was to write a letter to the Court, more than one month later, on November 12, 2014, seeking to change the trial date because of a conflict with another trial.  Although counsel wrote the letter only eighty-nine days before the scheduled trial date, he did not mention that the parties' "consensus" reached at the December 16, 2013 conference almost a year before was that expert discovery was to have proceeded after the Court ruled on the summary judgment motions and that the pretrial schedule did not include deadlines for such discovery to proceed.  In fact, he did not mention the issue of experts at all.

On November 25, 2014, the Court vacated the dates set in its October 6, 2014 Order for pretrial filings and for trial.  ECF No. 86.  Three months later, on February 4, 2015, the case was reassigned from Judge Schiller to the undersigned.  ECF No. 87.  This Court held a status conference on April 2, 2015.  In the six months that passed between Judge Schiller's entry of a pretrial schedule and the April 2 status conference, KRA's counsel took no action to raise with the Court any desire for expert discovery.  Given the absence of a court order concerning expert discovery, it could have worked with opposing counsel to stipulate to an expert disclosure timetable.  It did not.[1]  Accordingly, under Federal Rule of Civil Procedure 26(a)(2)(D)(i), any disclosures of experts witnesses that it intended to use at trial should have been made, as the rule requires, ninety days before trial, which was November 11, 2014.  No such disclosures were made.

KRA argues that pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i), "the parties are entitled, at the very least, to submit expert disclosures by 90 days before trial."  KRA Mot. at 10.  By this it means the rescheduled trial date of September 29, 2015.  While this argument

---

[1]   Neither the October 6, 2014 pretrial Order, nor any other order, has prohibited counsel from conducting expert discovery at any time after the lifting of the partial stay on April 3, 2012.

would have held water if one trial date had not already passed, it does not do so now.  Rule 26(a)(2) specifies requirements for disclosure of expert witness testimony.  Rules 26(a)(2)(B) and (C) define which experts must provide a written report and which need not, respectively, as well as what disclosures must be made for each type of expert.  Rule 26(a)(2)(D)(i) provides that expert testimony must ordinarily be disclosed "at least 90 days before <u>the date set for trial or for the case to be ready for trial</u>," absent a stipulation or court order providing otherwise.  Fed. R. Civ. P. 26(a)(2)(D)(i) (emphasis added).  Judge Schiller's October 6, 2014 Order set the trial date in this case for a date certain of February 9, 2015.  In so doing, the Judge made it clear that, at the very latest, the case would be "ready for trial" on February 9, 2015.  The Order set forth tasks to be performed by the parties at various intervals before trial:  14 days before trial they were to file a joint pretrial disclosure memorandum; on January 28, 2015, twelve days before trial, they were required to file a pretrial stipulation; one day later they were required to file final pretrial motions; on February 2, 2015—one week before trial—the Court ordered that they submit proposed points for charge and proposed verdict sheets.  The Order also set the date for a final pretrial conference and required that forty-eight hours before the trial date they were to submit to the Court a list of issues which they wished to discuss at that conference.  One hour before the jury was to be picked, at 9:30 a.m. on February 9, they were to participate in the final pretrial conference to discuss those issues.

Given the absence of any reference to expert discovery in that pretrial order, it was incumbent on the parties, if they wanted to use an expert at trial, to make the expert disclosures required by Fed. R. Civ. P. 26(a)(2)(D)(i) "at least 90 days before the date set for trial or for the case to be ready for trial."  Ninety days before February 9, 2015 (the date set by Judge Schiller for trial) was November 11, 2014.  KRA let that ninety-day date pass without serving expert

reports or even raising to the Court a desire for expert reports and expert discovery. Indeed, when KRA's counsel wrote to the Court on November 12, 2014—after the deadline had passed—seeking to reschedule the trial, he made no mention of expert reports or discovery. Nor did he raise the issue until the April 2, 2015 status conference, close to six months after the deadline had passed. If not for the postponement of the first trial date at the request of KRA's counsel and the subsequent transfer of this case to the undersigned, the case would have proceeded to trial on February 9, 2015 without a KRA expert. The fact the Court vacated the October 6 Order's schedule on November 25, 2014 did not serve to resuscitate deadlines that already had passed.

Federal Rule of Civil Procedure provides for the modification of a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). To the extent that KRA's motion for reconsideration can be read as a request to modify the Court's April 2, 2015 order to allow more time for expert discovery, KRA must show that it "diligently sought the discovery [it] now seeks to secure beyond the deadline." *Walker v. Centocore Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014). KRA allowed the ninety-day deadline for expert reports to pass, and then, after six months and a reassignment of the case to a new judge, apparently decided that it desired to conduct expert discovery after all. That conduct does not meet the required standard for diligence. This matter has been in litigation for four years even subtracting the one and a half years it was partially stayed. There has been ample time for the parties to obtain any discovery—including any expert discovery—they need. It is the Court's first duty to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Beyond that, it must control its docket "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Ry. Co.*, 370 U.S.

626, 630-31 (1962); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  PWDC states in its response to KRA's Motion for Reconsideration that if KRA were to obtain an expert for trial, it would have to do so as well and suggests that, if that were to occur, further expert discovery would in all likelihood be needed by the parties.  PWDC Opp'n at 4.  Given the nature of this litigation to date, it is likely that such discovery would become contentious possibly requiring the intervention of the Court and yet another delay in the trial of this matter.  This Court will not provide KRA with an opportunity to conduct expert discovery when it has not diligently pursued expert discovery to date, when the Rules preclude it, and when any such discovery could delay this matter even further.

An appropriate Order follows.


Date: April 24, 2015

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**